WILLIAM D. RICE & another *vs.* GEORGE B. WALLACE.

Under *St.* 1838, *c.* 163, the second meeting of the creditors of an insolvent debtor may be adjourned from day to day, and they may prove their debts and transact other business at any such adjourned meeting, with the same effect as at the original meeting.

In order to prevent an insolvent debtor from receiving his certificate of discharge, under *St.* 1838, *c.* 163, § 7, it was not sufficient that one half, in number or value, of his creditors, who had proved their debts on or before the first day of their second meeting, should signify their dissent and objection to the granting of such certificate. The debtor was entitled to such certificate, unless dissent and objection were signified by one half, in number or value, of his creditors who had proved their debts at any time before the second meeting was dissolved.

PETITION of creditors of George B. Wallace, praying that a discharge granted to him by a master in chancery, under the insolvent law, might be superseded and set aside.

The petitioners alleged, that they commenced an action against said Wallace, on the 22d of February 1844, to recover a sum of money due from him to them; that said action had been duly entered and was pending in the court of common pleas; that said Wallace had filed a specification of defence to said action, setting forth, among other things, that he should rely on a certificate of discharge, granted to him by a master in chancery on the 29th of February 1844, under the insolvent act of 1838, *c.* 163; that the petitioners were aggrieved by the proceedings upon which said Wallace relies as a discharge from said action; that said supposed discharge was inoperative and void, because a majority in number and value of his creditors, who had proved their debts against his estate, had signified to said master, in writing, their dissent and objection to the granting of such certificate of discharge.

The respondent, in his answer, alleged that he made applica-

tion to the master in chancery, for the benefit of the insolvent law, on the 9th of January 1844, and that, on the 20th of said January, after due proceedings had, the first meeting of the respondent's creditors was held, and that four of said creditors then proved their debts, amounting to $215·94 : That on the 7th of February 1844, the second meeting of said creditors was held ; and no debts being then proved, and the respondent not being present, said meeting was duly adjourned to the 21st day of said February, on which day, pursuant to said adjournment, said second meeting was held, and twelve of said creditors then proved their debts, amounting to $1112·20 : That at said adjourned second meeting, a paper, signed by seven of the creditors, who had proved their debts, (including the present petitioners,) amounting to $720·50, signifying their dissent to the granting of a certificate of discharge to the respondent, was presented to said master ; which paper was filed in the case and recorded : That the respondent personally appeared at said adjourned meeting, and took and subscribed the oath by law prescribed ; and thereupon said second meeting was duly adjourned to the 29th day of said February, on which day, pursuant to said second adjournment, said second meeting was held, and seven creditors then proved their debts, amounting to $600·09 ; and three of said first mentioned seven creditors, who had signed said paper, objecting to the grant of a certificate of discharge, as aforesaid, and whose debts amounted to $259·28, delivered to said master a certain other paper, by them subscribed, withdrawing their said dissent and objection, and signifying their consent to the granting of the same ; which paper last aforesaid was filed in the case and recorded : That at the same second adjournment of the said second meeting, the respondent made a full disclosure and delivery of all his estate, as by law required ; and in all things conforming to the directions of the statute in this behalf provided, applied for and received from said master a certificate thereof, and of his discharge, according to law ; whereupon said second meeting was dissolved : That twenty three in number of the respondent's creditors duly proved their debts at said first and second meet-

ings; that the debts, so by them proved, amounted to $1928·23; that seven only of said creditors, whose debts amounted to but $720·50, (being less than one half, both in number and value, of those who had duly proved their debts,) at any time objected to the granting of said certificate of discharge; and that four only of the said objecting creditors, (including the present petitioners,) whose debts amounted to but $461·22, were, at the time of the granting of said certificate, objecting thereto.

The respondent introduced a copy of the record of the proceedings before the master, in proof of the averments in his answer to the petition. By agreement of the parties, the case was argued and decided on the petition, the answer, and the said record.

*Blake,* for the petitioners.

*A. Merrill & A. B. Merrill,* for the respondent.

SHAW, C. J. The insolvent law, *St.* 1838, *c.* 163, § 7, having provided for a second meeting of creditors, and directed what things shall be done at such meeting, the order in which they shall be done seems to be indicated by the nature of the acts themselves. The debtor may then amend his schedule, may take, subscribe, and file his oath; creditors may prove their debts; and the master may grant his discharge, on a hearing, unless one half of the creditors in number and value dissent Now in order to see who are creditors, and the amount of their claims, so as to determine their right to express such dissent, the proof of debts must precede the action of the master on the question of discharge. If the question of discharge were acted on before the proof of debts, the creditors would obviously be deprived of the rights intended to be conferred on them. Indeed this is conceded, so far as it applies to the proceedings of the first day of the second meeting; but it is contended, that if a majority, who prove on that day, dissent, it brings the case within the statute. On what ground of reason or authority is this claimed? Suppose an insolvent in large business owes a hundred debts; his accounts are complicated; five or ten only can go through their proofs on the first day, for want of time; and the meeting is adjourned to the next day, to take the

proof of other debts; shall the five or ten exclusively exercise a power conferred by the statute on a majority of the whole? The statute affords no warrant for this. It provides, § 15, for adjournments, often obviously necessary, and it declares that "all things lawfully done at any such adjourned meeting shall be of the like force and effect as if done at the original meeting." But the argument is, that what is done at the adjourned meeting cannot lawfully supersede and undo what was done on the first day of the meeting. This argument seems to assume the point in question, viz. whether what was done on the first day, being a dissent of one half who had then proved, did amount to a conclusive veto on the power of the master. What was then done was lawfully done, as far as it went; but its ultimate legal effect must be determined by the result, at the close of the meeting. A certain number of the creditors then filed their dissent. At the adjourned meeting, when other creditors proved, it was competent for them to file their dissent, or not, as they pleased. It is not necessary that the dissenting creditors should sign one paper, or do any joint act. It will then be for the master, when the debts are all proved, to sum up the number of creditors and the amount of their debts, and also the number of dissenters, and the amount of their debts; and if the latter do not amount to one half, the jurisdiction of the master on the question of discharge, is not superseded and transferred to this court. By the necessity of the case, and the reason of the thing, as well as by force of the statute, the several adjournments constitute but one meeting, and affect the proceedings in no other way than would a necessary postponement of business from night to morning, or from forenoon to afternoon. The court are of opinion that the master, on the facts stated, had full authority to adjudicate on the question of discharge, and grant the debtor his certificate.

It is to be observed that the discharge, in this case, was granted before *St.* 1844, *c.* 178, took effect. Under that statute, a discharge cannot be claimed until six months after the date of the warrant to the messenger. *Eastman* v. *Hillard, ante,* 420

*Petition dismissed*